# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

Case No. 13cv117-JPH

LA CRISHA M. LOPER,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Rebecca M. Coufal represents plaintiff (Loper). Special Assistant United States Attorney Christopher J. Brackett represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 14.

## JURISDICTION

Loper applied for disability insurance benefits (DIB) and social security income (SSI) benefits on April 15, 2010, alleging disability beginning May 15, 2009

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

(Tr. 122-32). The claim was denied initially and on reconsideration (Tr. 74-77, 80-83 ).

Administrative Law Judge (ALJ) Moira Ausems held a hearing November 8, 2011. Loper, represented by counsel, testified. Medical and vocational experts, and Loper's boyfriend, also testified (Tr. 29-68). On January 26, 2012, the ALJ issued an unfavorable decision (Tr. 15-22). The Appeals Council denied review February 12, 2013, making the ALJ's decision final. On March 25, 2013 Loper filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Loper was 29 years old at the hearing. She graduated from high school and has worked as a waitress, housekeeper and telephone solicitor. She was insured through December 31, 2014 (Tr. 15, 17, 64, 150-51).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

*Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one ALJ Ausems found Loper did not work at SGA levels after onset (Tr. 17). At steps two and three, she found Loper suffers from supraventricular tachycardia, an impairment that is severe but does not meet or medically equal a Listed impairment  (Tr. 17-18). The ALJ found Loper less than credible and able to perform a range of light work  (Tr. 18-19, 21). At step four, relying on the VE, the ALJ found Loper is able to perform her past relevant work as a waitress, cleaner and telephone solicitor (Tr. 21-22). Accordingly, the ALJ found Loper is not disabled as defined by the Act  (Tr. 22).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

**ISSUES**

Loper alleges the ALJ erred when she weighed the medical and lay evidence, and when she assessed credibility.  ECF No. 13 at 9-14. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error.  She asks the court to affirm. ECF No. 14 at 4-12.

**DISCUSSION**

*A. Credibility*

Loper alleges the ALJ's credibility assessment is not properly supported. ECF No. 13 at 9-10. The Commissioner answers that the ALJ's reasons are clear, convincing and supported by the evidence. ECF No. 14 at 5-7. The parties correctly agree this is the proper standard.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190,  1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). The parties are correct that, absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's reasons are clear and convincing.

The ALJ considered Loper's activities of daily living and inconsistent statements, infrequent medical treatment, failure to follow prescribed treatment and lack of supporting objective evidence, all suggestive of greater functional capacity than Loper described in her testimony (Tr. 21).

Daily activities have included getting two children up for school, preparing their breakfast, caring for her youngest child [age two at the hearing], picking the older children up from school each afternoon, helping with homework, cooking complete daily meals and putting the children to bed. Her partner, Mr. Beck, works outside the home. Loper did laundry, cleaned, shopped twice weekly for groceries (for an hour or two) and played with her children. She has alleged she stopped working because she was laid off for lack of work. She testified she was unsure if the tachycardia spells had anything to do with being laid off but she had not missed work because of them (Tr. 19, 21, 46, 55, 59, 150, 170-174, 246).

The ALJ considered Loper's unexplained or inadequately explained lack of medical treatment and failure to follow treatment recommendations. Following one episode of supraventricular tachycardia and with a history of arrhythmia, Dr. Alaeddini prescribed medication five months after onset, in October 2009. She did

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

not follow up until a consultative exam in July 2010. On more than one occasion Loper admitted she had not taken the medication prescribed for tachycardia. (Tr. 17-18, 195, 226-27, 241, 245-49, 268, 309).

The ALJ relied on the lack of objective evidence supporting Loper's alleged limitations. Loper testified she had her first attack of tachycardia in 2004 but did not seek medical treatment until 2008. A July 2008 EKG was normal. Loper testified that while she was pregnant with her third child she had no heart palpitations. She delivered this child in August 2009, three months after onset. Tachycardia was not reproduced in October 2010. At the hearing Loper testified she did not want follow through with recommended testing. (Tr. 17-19, 45-46, 48, 53, 217, 222-25, 255, 264, 306).

An ALJ may properly consider daily activities when assessing credibility. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002). Lack of consistent treatment is properly considered when assessing credibility. An inadequately explained lack of compliance with medical treatment may correctly be considered by the ALJ. *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Subjective complaints contradicted by medical records are properly considered, as long as it is not the only basis for discrediting a claimant's subjective complaints. *Carmickle*, 533 F.3d at 1161.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

Loper's reliance on *Lingerfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) is misplaced. ECF No. 13 at 7-10. While she is correct that testimony as to the severity of symptoms cannot be discredited "merely because they are unsupported by objective medical evidence," the ALJ here relied on more than merely the lack of objective evidence. Moreover, Loper's statement that she "was not sent for a consultative psychological evaluation," ECF No. 13 at 10, is simply incorrect. The SSA informed Loper in its decision on reconsideration that there was insufficient evidence of an alleged anxiety disorder because she failed to appear for a scheduled psychological consultative examination and did not ask to be rescheduled  (Tr. 80, 285, 299).

The ALJ's credibility assessment is supported by the evidence and free of harmful error.

*B. Medical evidence*

Loper alleges the ALJ should have accepted the contradicted January and June 2011 opinions of treating cardiologist John Peterson, M.D. ECF No. 13 at 13-14. She alleges because he is a treating doctor and his opinions are supported by Loper and the lay testimony, and the doctors who disagree with him are not cardiologists, the ALJ erred. ECF No. 13 at 14. The Commissioner responds that the ALJ's reasons for rejecting this contradicted opinion are specific, legitimate, and supported

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

by substantial evidence. ECF No. 14 at 8-11. The court agrees with the Commissioner.

The ALJ rejected Dr. Peterson's somewhat dire limitations because his opinions are internally inconsistent. They are also inconsistent with other evidence, including medical opinions (Tr. 19).

In January 2011 Dr. Peterson opined: (1) tachycardia (frequent heart racing) limits Loper to working one to ten hours per week; (2) she has no limitations in job seeking activities and (3) she is limited to sedentary work for the next six months (Tr. 20, 314-15). In June 2011, Dr. Peterson opined Loper (1) could not work *any* hours because "overexertion could cause arrhythmias"; (2) she had no limits in job seeking activities and (3) could perform light work (Tr. 20, 317-18). Opinions that are internally inconsistent may properly be given less weight. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999).

The ALJ correctly points out Dr. Peterson's opinions are also inconsistent with Dr. Weir's, who examined Loper on July 27, 2010. Loper told Weir a cardiologist had treated her with metoprolol [a generic form of toprol] without improvement. She admitted she did not go back for follow up. Dr. Weir opined Loper had no exertional limitations (Tr. 20, 245, 249).

Dr. Peterson's opinions are contradicted by those of William Hicks, Jr., who testified at the hearing. He opined Loper could perform light work (Tr. 20-21,

referring to Tr. 42).

An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may not rely *solely* on a nonexamining expert's opinion when rejecting the opinion of a treating doctor, as this does not constitute substantial evidence. *Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4 (9th Cir. 1990)(emphasis added). Here, in addition to Dr. Hicks' testimony, the ALJ relied on the contradictory opinion of examining doctor Weir, who reviewed records, examined and observed Loper, and found no limitations. The ALJ relied on the report of agency reviewing doctor Norman Staley, M.D., who also opined Loper had no limitations. The ALJ notes Dr. Peterson's assessed dire limitations are inconsistent with the record as a whole (Tr. 20-21, 245-49, 297). This would include, in part, Loper's ability to care for a young child.

The ALJ properly weighed the medical evidence.

*C. Lay testimony*

Loper alleges the ALJ erred by failing to address the lay testimony of Sean Beck, Ms. Loper's fiance or boyfriend. ECF No. 13 at 11-12, referring to Tr. 57-64. At the hearing Loper testified she and Mr. Beck had been together four years (Tr. 50). Relying on *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) and *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009), the Commissioner

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

responds that the ALJ's failure to discuss this testimony was at most harmless error. ECF No. 14 at 11-12.

The Commissioner is correct.

When an ALJ discounts the testimony of lay witnesses, "he [or she] must give reasons that are germane to each witness." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009), citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

However,

Where lay witness testimony does not describe any limitations not already described by the claimant, the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, it would be inconsistent with our prior harmless error precedent to deem the ALJ's failure to discuss the lay witness testimony to be prejudicial per se.

*Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012), citing *Valentine*, 574 F.3d at 694.

Beck's testimony essentially mirrored Loper's. He described the same symptoms. (Tr. 46-47, 58). The court already found the ALJ's assessment of Loper's credibility was supported by substantial evidence and free of harmful legal error. Accordingly, these reasons apply to the lay testimony as well. Error if any is clearly harmless because the lay testimony is merely cumulative to the claimant's properly discounted subjective complaints. In such circumstances the ALJ was not required to discuss the lay testimony specifically. *See Valentine*, 574 F.3d at 694. In addition,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

lay testimony can be rejected if, as here, it conflicts with medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001).

Loper alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 14**, is **granted.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14

1    Plaintiff's motion for summary judgment, ECF No. 13, is denied.

2    The District Court Executive is directed to file this Order, provide copies to

3 counsel, enter judgment in favor of defendant and **CLOSE** the file.

4    DATED this 29th day of January, 2014.

5                                              *S/ James P. Hutton*

6                                       JAMES P. HUTTON
                                 UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15